New Jersey Department of Labor,
Workmen's Compensation Bureau.

AILEEN GROGAN, PETITIONER, v. DAVID GRANGER, Sr., MINNIE GRANGER AND AETNA CASUALTY AND SURETY COMPANY, RESPONDENTS.

Decided November 22, 1938.

For the petitioner, *Harry Edelson.*

For the respondent, *Cox & Walburg* (by *Arthur F. Mead*).

\*　　\*　　\*　　\*　　\*　　\*　　\*

It appears from the testimony that the petitioner sustained an accident on June 24th, 1935, arising out of and in the course of her employment with the respondent David Granger, Sr. The petitioner was working in the basement of premises No. 93 Jerome avenue, Deal, New Jersey, she was overcome by gas, she came up out of the basement, fell to the ground, and was unconscious. The petitioner was given resuscitation by the first aid squad of the Deal fire department, and Dr. Harold A. Kazmann rendered medical treatment. The doctor sets forth in his statement dated May 5th, 1937, that the petitioner complained of generalized aches and pains in her chest and back and also headaches. The doctor felt that the headaches were due to sinus blockage. It was his impression that the petitioner probably had some previous sinus infection and possibly a beginning bronchiectasis before the accident of June 24th, 1935, and that the condition may

have been aggravated by the chilling received by the petitioner when she came up from the basement. The petitioner ceased work for a week, and then continued to be employed by the respondent David Granger, Sr., until September 10th, 1935. Dr. Kazmann rendered medical treatment for several weeks. The testimony also discloses that the petitioner was treated on three occasions by Dr. John B. Maher, and that when she left the employ of the respondent David Granger, Sr., on September 10th, 1935, she went to New York City, working for several employers, the last employer being Dr. Theodore L. Cohn. She was employed by Dr. Cohn from March, 1936, and was still employed by him at the time of the hearing held in this matter. It also appears that the petitioner was rendered other medical treatment by Dr. Sauer, and also by Dr. Cohn. Dr. Philips made X-rays of the petitioner. It appears from Dr. Cohn's testimony that the doctor made a diagnosis of bronchiectasis, myocarditis, chronic right sacro-iliac sprain, and other symptoms of persistent sequelae of illuminating gas poisoning. Dr. Cohn rendered medical treatment from May 25th, 1936, to May 13th, 1938, and in addition made examinations on June 1st, 1938, and June 8th, 1938. It was his conclusion that petitioner had a permanent disability of twenty per cent. to twenty-five per cent. of total and that this condition resulted from the accident as described by the petitioner.

Dr. George E. Meehan testified that he examined the petitioner on July 20th, 1938. It was Dr. Meehan's conclusion that the petitioner had a chronic right sacro-iliac sprain and a neurosis, due to the accident. He estimated a permanent disability of approximately twenty per cent. of total.

Dr. Ambrose F. Dowd testified that he examined the petitioner on December 21st, 1935, at which time he found no disability or pathology resulting from carbon monoxide poisoning. He stated that at that time he found no permanent disability.

Dr. Otto R. Holters testified that he examined the petitioner on July 24th, 1935, at which time the petitioner complained of a persistent cough and injury to the lower back. He came

to the conclusion that the petitioner had a subacute tonsillitis but that this condition was not caused by carbon monoxide poisoning. It was his conclusion that she had no permanent disability that could be attrtibuted to the accident.

It is my conclusion that the petitioner is entitled to permanent disability because of an injury to her back resulting from the fall sustained by her after she came up from the basement of the laundry, and further because of the fact that she has a neurosis. It is my further conclusion that such permanent disability amounts to ten per cent. of total. She is therefore entitled to compensation for a period of fifty weeks.

Petitioner's wages were $40 per month, plus room and board. The value of the room and board not having been fixed at the time of the hiring, same is fixed at the rate of $5 per week, in accordance with the statute. Petitioner's compensation rate is therefore $10 per week.

The record does not disclose that petitioner is entitled to any further allowance, on account of temporary disability.

The testimony discloses that Dr. Sauer rendered a bill in the amount of $12.50 for a belt, paid by the petitioner, and $5 for medical treatment, also paid by the petitioner; that Dr. Philips made a charge of $25 for X-rays, of which the petitioner paid $5; and that Dr. Theodore L. Cohn rendered a bill in the amount of $745. It does not appear that any of these bills were authorized by the respondent. It is therefore my conclusion that these bills cannot be assessed against the respondent.

Dr. Cohn is not entitled to an allowance for appearance and testimony in court, in view of the provisions of the statute, chapter 149, Pamph. L. 1918, ¶ 17 (R. S. 1937, 34:15-64), providing that fees may be allowed for medical witnesses *residing in the State of New Jersey*. It does not appear that Dr. Cohn is a resident of New Jersey, and for this reason, allowance for his appearance and testimony cannot be made.

\*        \*        \*        \*        \*        \*        \*

The testimony does not disclose that the respondent Minnie Granger employed the petitioner. The petition for compensation is therefore dismissed as against Minnie Granger.

The Aetna Casualty and Surety Company is joined as a respondent, in view of the fact that the said company is the insurance carrier for the respondent.

It is, therefore, on this 22d day of November, 1938, ordered, that judgment be entered in favor of the petitioner and against the respondents David Granger, Sr., and Aetna Casualty and Surety Company.

\*        \*        \*        \*        \*        \*        \*

It is further ordered that the petition be dismissed as against Minnie Granger.

DANIEL A. SPAIR,
*Deputy Commissioner.*